**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**<br><br>Defendant. | Civil Action No. 1:11-01021 (JEB) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

Plaintiff's opposition to Defendant's motion is based on a set of faulty assumptions and an unjustified, reflexive aversion to any request for additional time. While Defendant sincerely regrets having to move the Court for relief, Plaintiff wholly underestimates the difficulty and effort involved in collecting and reviewing potentially responsive records in this case. For instance, Plaintiff points to the Federal Bureau of Investigation's ("FBI") release of 1,440 documents on May 18 as evidence that EOUSA should be able to complete its processing of documents well before October 31. Plaintiff fails to recognize, however, that EOUSA's task is more time consuming than FBI's by an order of magnitude. Unlike the FBI, which uses a centralized records system, EOUSA was required to coordinate with the United States Attorney's Office for the Central District of California ("USAO-CAC") in order to collect records for review. And, as discussed in Defendant's motion, EOUSA and USAO-CAC worked together to gather more than 2.3 million documents in various data platforms spanning approximately six years and involving more than twenty USAO-CAC employees. The process of formatting and de-duplicating those documents took until May 31, and, by June 7, EOUSA

identified approximately 95,000 potentially responsive documents, occupying about 35 gigabytes of information.  If anything, the enormous volume of information that EOUSA must review indicates that October 31, 2012 is an imminently reasonable deadline for completion.[1]

Nor is it correct to argue, as Plaintiff does in its opposition, that EOUSA's use of its Litigation Technology Service Center ("LTSC") in any way lessens the scrutiny and care that must be taken in reviewing potentially responsive documents.  EOUSA has not "outsourced" its review.  Rather, EOUSA enlisted the assistance of its LTSC's expertise in order to manage, organize, and load into a sophisticated search-and-review database the massive amounts of data at issue in this case—a task that would have been far less efficient and comprehensive without LTSC's assistance.  Now that LTSC has formatted and consolidated those documents, EOUSA must search each one in a page-by-page review.  Plaintiff's suggestion that Defendant's motion should be denied because EOUSA has allocated additional resources to the project through LTSC is misguided, to say the least.  To the contrary, EOUSA's use of LTSC demonstrates that it has diligently taken steps to comply, as closely as possible, with the Court's order since its issuance.

Further, Plaintiff incorrectly states that Defendant has rejected out of hand any attempt to expedite the production of potentially responsive records.  Plaintiff ignores that Defendant has stated a willingness to provide periodic detailed status reports to Plaintiff, and, if it is determined

---

[1] Plaintiff's suggestion that Defendant has not provided sufficient information to warrant an *Open America* stay is misplaced.  Defendant does not seek to stay the proceedings in this case.  Indeed, the FBI and the Criminal Division of the Department of Justice are currently compiling *Vaughn* indices as required by the Court's March 19 minute order and are on track to complete that task within the time established by the Court.  Here, Defendant merely asks that, with respect to EOUSA, the Court establish realistic deadlines in light of the nearly one-hundred thousand potentially responsive documents that EOUSA is diligently reviewing.

in the course of EOUSA's progress that any responsive, non-exempt documents can be released on a rolling basis, Defendant is open to doing so. This is anything but a "take it or leave it" approach. Although Plaintiff urges the Court to set a rolling production schedule now, EOUSA does not have a good faith belief as of yet that it could even comply with such an order and may do so only once it has a clearer picture of the viability of rolling production in the Relativity database. For similar reasons, Plaintiff's suggestion that EOUSA prioritize certain categories of documents for release may not be feasible.

Plaintiff also contends that it is "inherently unfair" to ask it to wait until October 31 for EOUSA to complete its processing of records. But, as Plaintiff states in its opposition, Plaintiff has already received 1,440 documents from the FBI, and EOUSA is releasing approximately two hundred pages of fully non-exempt documents today. Thus, it can hardly be said that Defendant is attempting to evade or delay its obligations under the Freedom of Information Act. Defendant merely asks for realistic deadlines for EOUSA to diligently complete its review of over 95,000 documents. Plaintiff additionally ignores that Defendant stated in its motion that EOUSA will also compile a *Vaughn* index by October 31, which, according to the Court's March 19 minute order, is not due until September 17. Accordingly, although EOUSA requires several months of additional time to complete its review and processing of potentially responsive records, Defendant is, in effect, asking for an extension of only about six weeks to complete the overall process ordered by the Court.

Based on the foregoing, Defendant respectfully asks the Court to grant its motion for an extension of time.

    Dated: June 18, 2012                              Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director
Federal Programs Branch

 /s/ *Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7219
Washington, D.C. 20530
Phone: (202) 514-3367
bradley.p.humphreys@usdoj.gov

*Counsel for Defendant*